**XUE HUANG CHEN, Petitioner,**

v.

**Alberto GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 03–41195–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

Hanbin Wang, New York, NY, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, James P. Laurence, Assistant United

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

States Attorney, Dallas, TX, for Respondent.

PRESENT: MINER, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Xue Huang Chen petitions for review of the November 28, 2003 decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") final order of removal. We assume the parties' familiarity with the underlying facts and procedural posture of this petition.

This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang,* 386 F.3d at 74 (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)).

"Persecution" is defined as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985). Harm or suffering need not be physical, but may take other forms, such as the deliberate imposition of severe economic disadvantage or the deprivation of food, housing, employment, liberty, or other essentials of life. *Abdel–Masieh v. INS,* 73 F.3d 579, 583 (5th Cir.1996) (citing *Matter of Laipenieks,* 18 I. & N. Dec. 433, 456–57 (BIA 1983), *rev'd on other grounds,*

750 F.2d 1427 (9th Cir.1985)). An applicant who establishes that he has suffered past persecution will be presumed to have a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). An immigration judge may deny the request for asylum if the IJ finds that the applicant could avoid future persecution by relocating to another part of the country of removal, but only if the government establishes by a preponderance of the evidence that relocation is possible and it would be reasonable, under all circumstances, to expect the applicant to do so. 8 C.F.R. §§ 1208.13(b)(1)(i)(B), (ii).

The IJ supports his adverse credibility finding by citing inconsistencies such as the month during which Chen's salon was allegedly closed, whether Chen renewed the lease on his salon in October 2000, and whether Chen was interrogated at his home. The IJ further noted that Chen was nonresponsive, vague, and lacked detail in his testimony. This finding is supported by the lack of clarity and logic in Chen's description of how he discovered the police came to his house while he was in hiding. Furthermore, when Chen was asked about details of the events that he alleged, he frequently did not answer the question and rather proffered facts already alleged. Although this Court finds that some of the inconsistencies cited by the IJ, such as Chen's lease and the date of his salon closing, are ancillary to Chen's asylum claim, some inconsistencies and Chen's vagueness about major events are material to Chen's asylum claim. These issues are specific, cogent reasons for the IJ to make an adverse credibility finding supported by substantial evidence. *See Secaida -Rosales v. INS,* 331 F.3d at 307. This adverse credibility finding regards the major events upon which Chen's claim of past persecution is based, thereby preventing Chen from carrying his burden of proving past persecution. He presents no further

evidence on which to found fear of future persecution or torture.

While the IJ's conclusion that being threatened with arrest and having one's place of employment closed by the government does not constitute persecution and the IJ's allocating to the applicant the burden of proof regarding ability to relocate to avoid persecution appear to us likely to be erroneous, inasmuch as the petition must be denied in any event we need not and do not further address those issues.

For the foregoing reasons, the petition for review is hereby DENIED. The outstanding motion for stay of removal is hereby DENIED as moot.